# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| CLEVELAND JACKSON, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-cv-02940-M |
| | § | |
| CITY OF GRAND PRAIRIE TEXAS, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion to Dismiss for Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6). [ECF No. 13]. For the following reasons, the Motion is **GRANTED**.

**I. Factual Background**

In his Complaint [ECF No. 1], Plaintiff, Cleveland Jackson, Jr., alleges that he suffers from several disabilities that impair his daily functionality, and that he requires the use of a mobility device. He claims that he needs specific housing that is physically accessible for him, with a separate bedroom for a home health aide. To afford housing, Plaintiff allegedly participated in a subsidy program run by Defendant, the City of Grand Prairie, Texas, and funded by the federal government. If an individual's rent payment exceeds a certain percent of his monthly income, Defendant provides a voucher to pay the balance, but it is the individual's responsibility to find a private landlord willing to accept the voucher. Plaintiff alleges that Defendant gives participants sixty days to find a home and then one automatic sixty-day extension before the voucher is forfeited.

Plaintiff claims that, due to difficulties resulting from his disability, he was unable to find housing during the initial sixty-day period and the sixty-day extension. Plaintiff alleges he informed Defendant that he had difficulty searching for and visiting apartments during the extension period, because his health problems required multiple doctor and hospital visits and limited his ability to travel. He also claims that during the extension period, he had difficulty finding housing that would accept the voucher and could accommodate his physical and medical needs. Plaintiff sought a second extension of the search period, but Defendant rejected the request. Plaintiff now brings this action claiming that Defendant discriminated against him based on his disability, in violation of the Federal Fair Housing Act, 42 U.S.C. § 3604 (the "FHA"), Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 (the "ADA"), and the Rehabilitation Act, 29 U.S.C. § 794, and seeks declaratory and injunctive relief.

## II.     Legal Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It does not need to include "detailed factual allegations." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Instead, it must provide a factual basis "to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court will accept all well-pleaded factual allegations as true "with all reasonable inferences drawn in the light most favorable to the plaintiff." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). However, the Court will not credit "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007).

### III. Analysis

Plaintiff alleges that Defendant violated the FHA, the ADA, and the Rehabilitation Act by failing to make a reasonable accommodation by extending the voucher search period a second time. [Complaint ¶¶ 58, 73(e), 88–89]. Under the FHA, it is unlawful to discriminate against a handicapped[1] individual by refusing "to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604. Both "the ADA and the Rehabilitation Act impose upon public entities an affirmative obligation to make reasonable accommodations for disabled individuals." *Bennett-Nelson v. Louisiana Bd. of Regents*, 431 F.3d 448, 454 (5th Cir. 2005). Because the FHA, ADA, and Rehabilitation Act offer similar protections, "analysis of a reasonable accommodation claim under the three statutes is treated the same." *Oxford House, Inc. v. Browning*, 266 F. Supp. 3d 896, 907 (M.D. La. 2017).[2]

For an accommodation to be necessary, a plaintiff must establish that "but for the accommodation" he will likely "be denied an equal opportunity to enjoy the housing of [his] choice." *Harmony Haus Westlake, LLC v. Parkstone Prop. Owners Ass'n, Inc.*, No. 1-19-CV-1034-XR, 2020 WL 1241724, at *7 (W.D. Tex. Feb. 18, 2020). There must be "a direct linkage between the proposed accommodation and the 'equal opportunity' to be provided to the handicapped person." *Avalon Residential Care Homes, Inc. v. City of Dallas*, No. 3:11-CV-1239-D, 2011 WL 4359940, at *7 (N.D. Tex. Sept. 19, 2011). This does not require changing every rule that inconveniences a disabled person; instead, a plaintiff is entitled to "only accommodations necessary to ameliorate the effect of plaintiffs' disability so that they may

---

[1] While the FHA uses the term "handicap" and the ADA and the Rehabilitation Act use the term "disability," any distinction between the two is not relevant here.
[2] There are minor differences between the statutes that are not relevant here. *Oxford House, Inc.*, 266 F. Supp. 3d at 907–08.

compete equally with the non-disabled in the housing market." *Smithers v. City of Corpus Christi*, No. CIV. CC-06-133, 2008 WL 819069, at *2 (S.D. Tex. Mar. 19, 2008).

Plaintiff claims that his disability limited his ability to search for housing, and as a result, he was unable to find housing within the 120-day total search period. Plaintiff does not allege with particularity the nature of the equal opportunity of which he was deprived because of his disability, the impact of an additional extension to the voucher search period, and how that impact would directly ameliorate the effect of his disability to provide him an equal opportunity to obtain housing. Accordingly, Defendant's Motion to Dismiss is **GRANTED** with respect to Plaintiff's reasonable accommodation claims under the FHA, the ADA, and the Rehabilitation Act.

Plaintiff also pursues several additional grounds for relief under the ADA based on the alleged denial of his access to the voucher program and its benefits. [Complaint ¶ 73]. To establish a discrimination claim under 42 U.S.C. § 12132, "a plaintiff must demonstrate: (1) that he is a qualified individual within the meaning of the ADA; (2) that he is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination is by reason of his disability. *Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 671–72 (5th Cir. 2004).

The Complaint does not allege that Plaintiff was ever denied the opportunity to participate in the voucher program. In his Response, Plaintiff acknowledges that his ADA claims are not based on the deprivation of direct access to the voucher program or its benefits, but are instead premised on the lack of "meaningful access" due to Defendant's failure to provide Plaintiff a reasonable accommodation. [Response, ECF No. 17 at 16–17]. Thus, these

ADA claims are merely reiterations of Plaintiff's reasonable accommodation theory. *See Alexander v. Choate*, 469 U.S. 287, 301 (1985) ("[T]o assure meaningful access, reasonable accommodations in the grantee's program or benefit may have to be made."); *see also Frame v. City of Arlington*, 657 F.3d 215, 232 (5th Cir. 2011) ("[R]easonable adjustments in the nature of the benefit offered must at times be made to assure meaningful access."). As explained above, the Complaint does not allege sufficient particularized facts to state a claim for the failure to provide Plaintiff a necessary reasonable accommodation, and Defendant's Motion to Dismiss is therefore **GRANTED** with respect to all of Plaintiff's ADA claims.[3]

## IV. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**, but the Court will give Plaintiff an opportunity to amend to attempt to cure the deficiencies found by the Court in Plaintiff's Complaint. The dismissal is thus without prejudice, and Plaintiff is granted leave to amend his Complaint by May 1, 2020.

**SO ORDERED**.

April 13, 2020.

*[signature]*
BARBARA M. G. LYNN
CHIEF JUDGE

---

[3] The Court notes that Defendant did not challenge Plaintiff's claim that Defendant violated the ADA by utilizing "methods of administration that have the effect of subjecting qualified individuals with disabilities to discrimination." [Complaint ¶ 73(f)]. However, the Complaint does not allege a basis for this discrimination other than through Defendant's denial of a reasonable accommodation, and this claim is also dismissed without prejudice.